## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PROSTAR, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2441 |
| | § | |
| THE HOUSTON BENTLEY CORP., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 13] filed by Defendants Ochie Smith and Lyndon Harris, to which Plaintiff Prostar, Inc. ("Prostar") filed its Response [Doc. # 15]. Defendants neither filed a Reply nor requested additional time to do so. Having reviewed the record in this case and the relevant legal authorities, the Court **denies** the Motion.

Plaintiff is authorized to sub-license closed-circuit telecasts, such as the July 30, 2004 championship boxing match between Mike Tyson and Danny Williams. Plaintiff alleges that Defendants provided unauthorized transmission of the match at their club known as "Tommy's Club." Plaintiff alleges that Defendants Smith and Harris have an ownership interest in and/or manage Tommy's Club.

Defendants Smith and Harris filed their Motion seeking summary judgment based on their assertion that they neither own nor manage Tommy's Club. Summary

judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Auth.*, 417 F.3d 495, 501 (5th Cir. 2005).  If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  Rule 56(e).  *Id.*  The court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

Defendants have presented evidence to support their Motion.  Specifically, Defendants submitted the Assumed Name Records Certificate of Ownership for Tommy's Club [Exhibit A to Motion], listing The Houston Bentley Corporation as the owner.  Each moving Defendant submitted his own affidavit [Exhibits C and D to the Motion] denying that he is or has been an officer or director of Houston Bentley Corporation.[1]  In response, Plaintiff submitted public records from the Texas Secretary

---

[1]     In their Memorandum in support of the Motion, Defendants identify Exhibit B to the Motion as a "certified copy of the notice of charter forfeiture from the Texas Comptroller of Public Accounts."  There is, however, no Exhibit B attached to the

(continued...)

of State showing Lyndon Harris and Ochie Smith as officers and directors of The

Houston Bentley Corporation.  *See* Response, Exh. B.  This conflicting evidence

precludes summary judgment, and it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Doc.

# 13] is **DENIED**.

SIGNED at Houston, Texas, this **17<u>th</u>** day of **June, 2008**.

_____

Nancy F. Atlas

United States District Judge

---

[1]         (...continued)
            Motion.